IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(Philadelphia)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case #2:21-cr-00348-ER |
| | : | |
| ANTHONY CINTRON | : | |

## DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE

Defendant, Anthony Cintron, by his counsel, respectfully submits this Sentencing Memorandum and Motion for Downward Variance.

**I.    Procedural History of the Case**

On September 3, 2021, a three-count Information was filed charging Anthony Cintron with: Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C) (Count 1); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §924(c)(a)(A) (Count 2); and, Possession of a Machine Gun, in violation of 18 U.S.C. §922(o) (Count 3).

On November 3, 2021, Mr. Cintron pled guilty to the charged Information pursuant to a written agreement between Mr. Cintron and the United States Attorney for the Eastern District of Pennsylvania.

**II.    Sentencing Guidelines**

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, counsel for the Government and defense counsel entered into an agreement to a sentence of 90 to 106 months of imprisonment followed by five years of supervised release. The Government agrees that Mr. Cintron informed authorities of his intention to plead guilty in a timely fashion and demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged

1

resulting in a three-level reduction. The Presentence Investigation Report ("PSR") identifies Mr. Cintron's base offense level as 22. Incorporating the three-level acceptance reduction, the total offense level is 19. Because of his juvenile adjudications, Mr. Cintron Criminal History Category is III. Based on a total offense level of 19 and a Criminal History Category of III, the advisory guideline range is a term of imprisonment of 97 to 106 months. If the Court varies from the guidelines as requested, a sentence of 90 months would fall within the confines of the guilty plea agreement.

### III. Nature and Circumstances of the Crime

On March 17, 2021[1], Mr. Cintron was arrested after the Drug Enforcement Agency and Philadelphia Police Department executed a search warrant at his home located at 3631 North 13th Street in Philadelphia. During the execution of the warrant, Mr. Cintron was asleep in a bedroom where two handguns were recovered, as well as Crack Cocaine, Marijuana and a digital scale. In the basement, law enforcement recovered a Glock .23 that was equipped with a device to render the gun fully automatic along with boxes of ammunition. Prior to the execution of the search warrant, agents had conducted an investigation into Mr. Cintron's social media which depicted him holding various firearms.

### IV. Personal History and Characteristics

Anthony Cintron was born on February 25, 2002 to Ezequiel Vazquez and Malisha Arias in Philadelphia, Pennsylvania. Mr. Vazquez had very little contact with his son and has been consistently incarcerated much of his life. Mr. Cintron has two brothers, one sister, one half-sister and five step siblings[2]. A few months ago, one of his step-siblings was murdered at just 21 years old.

---

[1] A detailed description of Mr. Cintron's conduct and the facts are detailed in the PSR @ ¶11-¶16.
[2] PSR, ¶45-¶49

Mr. Cintron grew-up in a home where his maternal uncles were actively involved but their involvement was interrupted by extended periods of incarceration[3]. Mr. Cintron's Philadelphia neighborhood is an extremely violent setting. He has had to grieve many close friends and family members who have been killed[4]. Also a victim of gun violence, in April 2019, Mr. Cintron was shot 15 times causing him to suffer permanent injuries. As a result, he has been diagnosed with post-traumatic stress disorder and struggles with nightmares and bouts of insomnia.

Although the PSR reflects that he was neither neglected nor abused, Mr. Cintron was veered in an environment where he not only lacked a steady male role model, but he also saw male family members incarcerated and murdered time and again. It is hard to imagine how this sort of trauma could not directly impact and influence Mr. Cintron's own criminal actions.

In spite of the violence and loss he has experienced, Mr. Cintron maintains a positive outlook on his future. He has attained certifications in welding and is eager to gain lawful employment in that field.

Mr. Cintron embraces the opportunity to change. Upon completion of his sentence, he plans to relocate from Philadelphia to Buffalo, New York with his mother, step-father and brothers. This is a significant and positive step towards Mr. Cintron's successful reentry and future. Physically removing himself from the source of his criminal endeavors will provide ample daylight between his past negative influences and the prospect of a positive future. Mr. Cintron will have greater vocational opportunities that will ensure he does not return to his criminal past.

Letters in support of Mr. Cintron are attached collectively as Exhibit "A."

---

[3] PSR, ¶50
[4] PSR, ¶51-¶52

## V. The Application of the 18 U.S.C. §3553(a) Factors to Mr. Cintron' Circumstances Supports the Imposition of a Sentence below the Guideline Range

The statutory framework for sentencing requires the Court to "impose a sentence 'sufficient but not greater than necessary' to achieve the goals of sentencing." Kimbrough v. United States, 128 S.Ct. 558, 570 (2007); 18 U.S.C. §3553(a). The goals of sentencing include:

The need for the sentence imposed –

(a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(b) to afford adequate deterrence to criminal conduct;

(c) to protect the public from further crimes of the defendant; and,

(d) to provide the defendant with needed educational or vocational training, medical care, or other conventional treatment in the most effective manner.

18 U.S.C. §3553(a)(2).

This crime is serious and one Mr. Cintron does not take lightly. However, for the reasons stated in this Memorandum, it is respectfully requested that Mr. Cintron receive credit for the time he spent in the custody of Philadelphia County prior to the Government's adoption of the instant case. As previously noted, Mr. Cintron was arrested on March 17, 2021. The Criminal Information was filed on September 3, 2021. Three weeks later, Mr. Cintron was transferred from Philadelphia's custody to the Federal Marshal's custody. The state court charges were withdrawn. The instant case directly arises from the Philadelphia arrest. The federal charges mirror those from state court.

The need to afford adequate deterrence of criminal conduct, or general deterrence, is a difficult question. It could be argued that if Mr. Cintron receives a lower sentence than called for by the guidelines (by a variance supported by the 18 U.S.C. §3553(a) factors), then it would not meet the goal of general deterrence. We recognize that is a serious consideration for the Court. While a below-guideline sentence may not act as a deterrent for multi-convicted felons, it may

well act as a deterrent for defendants who are like Mr. Cintron. The certainty of a felony conviction should chill similarly situated individuals. Moreover, research has consistently shown that while the certainty of being caught and punished has a deterrent effect, "increases in severity of punishments do not yield significant (if any) marginal deterrent effects." Michael Tonry, *Purposes and Functions of Sentencing*, 34 Crime and Just. 1, 28 (2006). ("[C]ertainty of punishment is empirically known to be a far better deterrent than its severity."); Andrew Von Hirsch, *et al., Criminal Deterrence and Sentence Severity: An Analysis of Recent Research* (1999) (a significant connection between certainty of punishment and crime rate exists, but the "correlation between sentence severity and crime rates . . . were not sufficient to achieve statistical significance . . . The studies reviewed do not provide a basis for inferring that increasing the severity of sentences generally is capable of enhancing deterrent effects.")

      A just punishment that promotes respect for the law does not always demand a lengthy sentence. Sometimes a lenient sentence can promote respect for the law in the right circumstances. In short, the idea that a lengthy sentence for Mr. Cintron is needed to deter others, or even him, is not necessarily true and may be contrary to the requirement that the punishment be "just" and promote respect for the law, because a sentence that is more harsh than necessary is indeed unjust and promotes a disrespect for the law. *See* United States v. Gall, 552 U.S. 38, 54 (2007) ("'a sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing'") (quoting district court opinion.).

      In addressing the concern that a sentence below the advisable guideline range may run afoul of the sentencing factor of avoiding unwarranted sentencing disparities between similarly

situated defendants, it is problematic that neither the Court, nor the Government, nor defense has access to definitive, quantifiable data for sentences of similarly situated defendants.

**V.  Summary**

In summary, the 18 U.S.C. §3553(a) factors support a below-the-guideline sentence for Mr. Cintron.  Specifically:

- Mr. Cintron lacked any male role model in this life
- Mr. Cintron has lived in a violent area and has seen loved ones suffer because of violence
- Mr. Cintron was the victim of a violent crime
- Mr. Cintron promptly accepted responsibility, notified authorities of his intention to plead guilty and waived his indictment

**V.  Conclusion**

Mr. Cintron broke the law.  He deeply regrets his involvement in this criminal activity. He is not only deeply regretful for what he has done to his family, but also to the community-at-large.

Mr. Cintron respectfully requests this Court consider the above-referenced factors when fashioning a sentence and asks this Court impose a sentence that is sufficient but not greater than necessary.   Such a sentence would be an appropriate sentence in accordance with 18 U.S.C. §3553(a).

Respectfully submitted

/s/ *Andrew Montroy*
Law Offices of Andrew David Montroy
By:  Andrew David Montroy, Esquire
PA Atty. ID #201197
1500 Walnut Street, Suite 1060
Philadelphia, PA  19102
(215) 735-1850 (office)
(215) 735-1868 (fax)
amontroy@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(Philadelphia)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case #2:21-cr-00348-ER |
| | : | |
| ANTHONY CINTRON | : | |

**CERTIFICATE OF SERVICE**

I, Andrew David Montroy, Esquire, hereby certify that I am this 24th day of February 2022 electronically filing Defendant's Sentencing Memorandum and Motion for Downward Variance using the CM/ECF System, which will automatically send notification of same to all counsel of record.

/s/ *Andrew Montroy*
Law Offices of Andrew David Montroy
By: Andrew David Montroy, Esquire
PA Atty. ID #201197
1500 Walnut Street, Suite 1060
Philadelphia, PA 19102
(215) 735-1850 (office)
(215) 735-1868 (fax)
amontroy@gmail.com